# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SHEREIN SUMRALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:25-cv-00366 |
| | ) | |
| v. | ) | |
| | ) | |
| CMH TRANSPORT, INC. d/b/a CLAYTON CONNECT, | ) ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Sherein Sumrall ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against CMH Transport, Inc. d/b/a Clayton Connect ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. is a federal statute.

3. Venue of this action properly lies in the Middle District of North Carolina, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction have been satisfied.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Mount Holly, NC.

8. Defendant is a corporation that specializes in freight truck transportation services.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as a toter driver until her unlawful termination on or around March 12, 2025.

12. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

13. Plaintiff is female and is a member of a protected class because of her sex.

14. Since at least November 2023 through March 12, 2025, Defendant has subjected

2

Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex in violation of Title VII.

15.     In or around November 2023, Plaintiff was on a work-related trip with co-worker Adam Smith that required us to stay in a hotel.

16.     Adam began sending Plaintiff text messages requesting sex.

17.     Plaintiff immediately told Adam to stop, but he persisted.

18.     The following night, Adam resumed his inappropriate behavior by sending Plaintiff explicit images of naked men and continued soliciting Plaintiff for sex.

19.     Again, Plaintiff told Adam to stop.

20.     Distressed by the harassment, Plaintiff verbally reported the incidents by phone to HR Manager, Logan Anderson, and also sent screenshots of Adam's text messages as proof.

21.     During this call, Plaintiff was in tears, expressing how uncomfortable and unsafe Adam's behavior had made Plaintiff feel.

22.     Two days later, Logan Anderson and Regional Manager, Tyler Lewis, dismissed Plaintiff's complaint as a "he-said, she-said" situation.

23.     Their only action was transferring Adam to a location a mere 11 miles away.

24.     This failed to prevent further harassment.

25.     Adam continued to make Plaintiff uncomfortable by parking next to Plaintiff in the parking lot, boasting to co-workers that he made Plaintiff uneasy, and laughing about it.

26.     Rather than addressing the continued harassment, HR told Plaintiff that Plaintiff needed to "be professional."

27.     Following Plaintiff's report, Plaintiff experienced a pattern of retaliation.

28.     In or around April 2024, Plaintiff received a disciplinary write-up for not wearing

a uniform due to having to change out of wet and muddy clothes after working in the rain.

29. The following week, Tyler Lewis began excessively monitoring Plaintiff's time and nitpicking minor details, despite Plaintiff's following the same procedures she had since starting the job.

30. Between June and July 2024, Plaintiff was written up again for missing a meeting held at Rockwell Diner on Plaintiff's scheduled day off.

31. Though an official email had stated the meeting was optional, Tyler Lewis later claimed it was mandatory and issued a write-up.

32. In or around August 2024, the retaliation escalated when Tyler Lewis falsely accused Plaintiff of cursing at a lot worker in Florida.

33. Plaintiff pointed out that truck cameras would confirm the truth, and Tyler later admitted there was no evidence of any wrongdoing on the footage.

34. Yet, despite the lack of proof, Plaintiff was removed from her route to Florida based solely on hearsay.

35. When Plaintiff questioned why her complaint of sexual harassment had been dismissed as "he-said, she-said," yet an unproven accusation was enough to take disciplinary action against Plaintiff, she received no response.

36. On or about March 5, 2025, Plaintiff had the opportunity to speak with a corporate representative (name unknown) who visited the lot due to complaints from employees.

37. This representative asked Plaintiff how things were going, and Plaintiff again reported the sexual harassment and how her concerns had been ignored by Tyler and Logan.

38. The representative assured Plaintiff that the company had a "zero tolerance" policy for sexual harassment.

39. Plaintiff also detailed the ongoing retaliation and the disrespect she had faced since filing her complaint.

40. On or about March 10, 2025, Plaintiff received an email stating that she had a scheduled meeting at the lot.

41. However, a coworker, Chris (LNU, Ace Axel Employee), informed Plaintiff that the meeting was actually at the American Legion.

42. Due to this miscommunication, Plaintiff arrived late to the meeting.

43. Plaintiff immediately apologized and explained the mistake.

44. On or about March 12, 2025, Plaintiff noticed that her name was missing from the work schedule.

45. Concerned, Plaintiff reached out to Dispatcher Jeff White, who confirmed Plaintiff was no longer listed.

46. Plaintiff then left a message for Tyler seeking clarification.

47. Later that day, Tyler and Logan called Plaintiff and stated that due to Plaintiff's last write-up, for being late to the meeting, Plaintiff was being terminated.

48. They immediately hung up after delivering the news.

49. Plaintiff was subjected to sexual harassment, which was dismissed by her employer.

50. Plaintiff then faced systematic retaliation that culminated in her wrongful termination.

51. Defendant failed to provide a safe work environment, failed to properly address Plaintiff's complaints, and retaliated against Plaintiff for speaking out.

52. Plaintiff was unlawfully terminated because of her sex, (female) on March 12, 2025.

53. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

54. Plaintiff reported the sexual harassment and/or sexual assault to Defendant.

55. Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

56. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

57. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

58. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

**COUNT I**
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment)**

59. Plaintiff repeats and re-alleges paragraphs 1-58 as if fully stated herein.

60. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

61. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, female.

62. Defendant knew or should have known of the harassment.

63. The sexual harassment was severe or pervasive.

64. The sexual harassment was offensive subjectively and objectively.

65. The sexual harassment was unwelcomed.

66. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

67. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

68. Plaintiff repeats and re-alleges paragraphs 1-58 as if fully stated herein.

69. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

70. Plaintiff met or exceeded performance expectations.

71. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

72. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

73. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

74. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

75. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**

76.     Plaintiff repeats and re-alleges paragraphs 1-58 as if fully stated herein.

77.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

78.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and/or sex-based discrimination.

79.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

80.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and/or sex-based discrimination.

81.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

82.     Plaintiff's suffered an adverse employment action in retaliation for engaging in a protected activity.

83.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and/or sex-based discrimination thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

84.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

85.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of

8

enjoyment of life.

**<u>RELIEF REQUESTED</u>**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Pre-judgment and post-judgment interest;

    f.    Injunctive relief;

    g.    Punitive damages;

    h.    Reasonable attorney's fees and costs; and

    i.    For any other relief this Court may deem just and equitable.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: May 9, 2025                Respectfully submitted,

                              */s/ Peyton M. Paschke, Esq.*
                              Peyton M. Paschke, Esq.
                              NC Bar No.: 62587
                              SULAIMAN LAW GROUP LTD.
                              2500 S. Highland Avenue, Suite 200
                              Lombard, Illinois 60148
                              Phone (630) 581-5450
                              ppaschke@sulaimanlaw.com
                              *Attorney for Plaintiff*

9